IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 2:11-CR-00834 |
| | § | |
| BYRON TEODORO GIRON-ESPANA, | § | |
| | § | |
| Defendant/Movant. | § | |

ORDER DENYING MOTION FOR MODIFICATION OF
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Before the Court is Defendant Byron Teodor Giron-Espana's Motion for a Downward Departure Pursuant to 18 U.S.C. § 3582(c)(2). (D.E. 19.) For the reasons set forth below, Defendant's motion is denied.

I.     **Background**

Defendant was arrested by agents from the United States Border Patrol on August 11, 2011. Border Patrol Agents encountered a group of approximately fifteen suspected undocumented aliens in thick brush near the Falfurrias Border Patrol Checkpoint. Several of the individuals were wearing backpacks. The group broke apart and ran in several directions to evade capture. The agents apprehended three individuals, including Defendant. Agents determined that Defendant was from Guatemala and was not legally present in the United States. In Defendant's backpack, agents discovered approximately fifteen kilograms of marijuana.

On August 24, 2011, a grand jury issued a two-count indictment charging Defendant, in count one, with possession of less than fifty kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(d); and in count two, with being an alien

knowingly and unlawfully present in the United States after having been previously denied admission, excluded, deported, and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 8.)  On October 6, 2011, Defendant entered a plea of guilty to count two of the indictment pursuant to a written plea agreement. (D.E. 12; Digital Audio File, Oct. 6, 2011, 9:23–9:42.)  On January 3, 2012, the Court sentenced Defendant to 70 months imprisonment, 2 years supervised release, and a $100 special assessment. (Digital Audio File, Jan. 3, 2012, 10:29.50–10:38.04.) Count one of the indictment was dismissed. (*Id.*)  Judgment was entered on January 5, 2012. (D.E. 17.)

On December 15, 2012, Defendant filed the present motion requesting a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Defendant argues that he is entitled to a four-level downward departure pursuant to a fast-track program authorized by Congress in the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act (PROTECT Act) of 2003. (D.E. 19-1.)  Defendant argues that he was eligible to receive the benefits of this fast-track program, and that federal prosecutors nationwide were required to apply the program to all felony reentry cases as of November 1, 2011.  Defendant asserts that, at the time of his sentencing on January 3, 2012, the United States Attorney's Office for the Western District of Texas[1] was not administering the fast-track program, and therefore, he was wrongfully deprived of a four-level reduction in his sentence. (*Id.* at 4.)

## II.     Analysis

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, --- U.S. ----, 130 S. Ct. 2683, 2687 (2010); *see also Freeman v. United States*, --- U.S. ----, 131 S.Ct. 2685, 2690-91 (2011).  This Court has the authority to

---

[1] The Court presumes that Defendant means the United States Attorney's Office for the Southern District of Texas, the district in which Defendant was sentenced.

modify or correct a previously imposed sentence only in a very limited number of circumstances as set forth in 18 U.S.C. § 3582(c).  *United States v. Ross*, 557 F.3d 237, 238 (5th Cir. 2009); *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997).  One of these circumstances is when a defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and such a reduction would be consistent with the Sentencing Commission's policy statements. *Ross*, 557 F.3d at 238; 18 U.S.C. § 3582(c).  Defendant asserts that this situation is implicated in the case at hand.

The PROTECT Act directed the United States Sentencing Commission to develop a scheme for authorizing downward departures upon motion by the government in those districts where there exists a fast-track program authorized by the Attorney General and the United States Attorney for the district. *See United States v. Gomez-Herrera*, 523 F.3d 554, 559–60 (5th Cir. 2010).  In accordance with Congress's directive, the Sentencing Commission promulgated the following guideline:

> Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

U.S.S.G. 5K3.1 (2011).  Based on this guideline, many districts, particularly in the Southwest, established fast track programs for sentencing qualified illegal aliens; however, in districts with fewer felony reentry cases, fast-track programs were generally not implemented.  This ad hoc approach led to concern that defendants in felony reentry cases were being treated differently depending on where in the United States they were charged and sentenced.

On January 31, 2012, Deputy Attorney General James Cole sent a memorandum to all United States Attorneys requiring all districts that prosecute illegal reentry cases to establish a fast-track program by March 1, 2012. MEMORANDUM FROM JAMES M. COLE ON DEPARTMENT

POLICY ON EARLY DISPOSITION OR "FAST-TRACK" PROGRAMS (Jan. 31, 2012), *available at* http://www.justice.gov/dag/fast-track-program.pdf. The Cole Memorandum additionally sets forth baseline eligibility requirements for defendants that wish to participate in the program. Based on these eligibility requirements, local U.S. Attorneys have the discretion to limit or deny defendants' participation in the program.

The Cole Memorandum constitutes a change in policy by the U.S. Department of Justice, not a lowering of a sentence range by the Sentencing Commission pursuant to 28 U.S.C. 994(o). Accordingly, sentence modification under 18 U.S.C. § 3582(c)(2) is not possible as the statute's provisions are not implicated by the facts of the case at hand. Moreover, under the Cole Memorandum, the United States Attorney retains discretion to limit or deny a defendant's participation in the fast-track program based on the eligibility requirements set forth therein. Defendant's prior conviction for a violent felony, his prior deportations, the fact that he was on supervised release when he committed the most recent offense, and the circumstances of Defendant's arrest all weigh against Defendant receiving the benefit of a reduction in his sentence.

### III.   Conclusion

For the reasons set forth above, Defendant Byron Teodor Giron-Espana's Motion for a Downward Departure Pursuant to 18 U.S.C. § 3582(c)(2) (D.E. 19) is DENIED.

ORDERED this 30th day of October 2012.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**